No. 17815—Steve Tesca v. The State of Ohio. Error to the Court of Appeals of Licking county.

CRIMINAL LAW—(1) Materiality of date and time in charge—(2) Sufficiency of proof—Departure.

WANAMAKER, J.

1. In a criminal charge the exact date and time are immaterial unless in the nature of the offense exactness of time is essential. It is sufficient to prove the alleged offense at or about the time charged. (See Section 11238, General Code.)

2. It is the right of the state to prove the alleged criminal acts on or about the time and date formally charged; the defendant, in the presentation of his defense, has at least an equal right to depart from the exact time and date charged by the affidavit, information or indictment, or the testimony offered in support thereof.

Judgment reversed.

Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, concur.

---

No. 17760—George C. Rings, Admr., v. Cora Borton et al. Error to the Court of Appeals of Fulton county.

WILLS—(1) Happening of an event, which may divest devisee—(2) Estate passes free from devisee's debts.

ROBINSON, J.

Where a testator makes a devise of real estate to a son, and in such devise provides that upon the happening of an event which may or may not happen, the lands devised to such son shall "go to and

be vested in the heirs of the body" of such son, upon the happening of the event which divests the son of his estate therein the children of the son take the lands, of which the son has been divested, by devise from the testator in their own right and not in a representative capacity.

2. In such case the lands pass to the heirs of the body of the son free from the burden of the debts of the son to the estate of the testator.

Judgment affirmed.

Jones, Matthias and Allen, JJ., concur.

---

No. 17791—Valentine Schafer v. Jay W. Haller, Gdn. Error to the Court of Appeals of Crawford county.

GUARDIAN AND WARD—Sec. 10989, GC., making physical disability ground for appointment of guardian of property, violates Sec. 1, Art. I, Const.

ROBINSON, J.

The provision of Section 10989, General Code, making physical disability or infirmity a ground for the appointment of a guardian of the property of a person mentally competent, but physically incompetent, is an unwarranted abridgement of the liberty of such person and an unwarranted abridgement of his right to acquire, possess and protect property, and is in violation, in that respect, of Section 1, Article I, of the Constitution of Ohio.

Judgment reversed.

Marshall, C. J., Wanamaker, Jones, Matthias, Day and Allen, JJ., concur.

---

No. 1776—Village of Struthers v. George Sokol.

No. 17777—City of Youngstown v. John Sandela. Error to the Court of Appeals of Mahoning county.

MUNICIPAL LAW—(1) Local police ordinance not to conflict with general laws—(2) When not in conflict.

MARSHALL, C. J.

1. Municipalities in Ohio are authorized to adopt local police, sanitary and other similar regulations by virtue of Section 3, Article XVIII of the Ohio Constitution, and derive no authority from, and are subject to no limitations of, the general assembly, except that such ordinances shall not be in conflict with general laws.

2. In determining whether an ordinance is in conflict with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa.

3. A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law, or because certain specific acts are omitted in the ordinance but referred to in the general law, or because different penalties are provided for the same acts, even though greater penalties are imposed by the municipal ordinance.

Judgments reversed.

Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.